947 F.2d 942
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Audrey GORDON, Defendant-Appellant.
 No. 91-5534.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1991.
Decided Oct. 24, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CR-90-386-A)
 Alan H. Yamamoto, Alexandria, Va., for appellant.
 Kenneth E. Melson, United States Attorney, James L. Trump, Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Audrey Gordon appeals her conviction for possession of cocaine with the intent to distribute 500 grams or more, and importation of 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 952(a), and 960(a)(1). Gordon's sole claim on appeal is that the district court erred by admitting into evidence at trial expired airline tickets and passenger coupons seized from Gordon at the time of her arrest. We find that the district court did not commit reversible error in admitting this evidence, and affirm Gordon's conviction.
 
 
 2
 Gordon, a Jamaican, was arrested at Washington National Airport on October 26, 1990, after approximately 1700 grams of cocaine was discovered in her handbag. Gordon's defense was that she had no knowledge she was carrying cocaine. She claimed that she had not intended to go to Washington on the day she was arrested, but only decided to go when an acquaintance in Miami offered her several thousand dollars to deliver a package to Washington National Airport.
 
 
 3
 A canceled airline ticket in Gordon's bag showed that three days earlier Gordon had made a Kingston-to-Miami-to-Washington National trip virtually identical to the one she made on the day of her arrest. The government introduced the airline ticket to contradict her claim that she had not planned to go to Washington on October 26, 1991, and to prove that she had the requisite intent to commit each of the charged crimes.
 
 
 4
 Evidence of other acts committed by a defendant is admissible to prove intent. Fed.R.Crim.P. 404(b). Although under Fed.R.Evid. 403 evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, a district court's ruling on the admissibility of such evidence will be reversed only for an abuse of discretion. United States v. Simpson, 910 F.2d 154, 157 (4th Cir.1990). We find no such abuse here, since the disputed evidence tended to shed light on Gordon's claimed lack of intent. Moreover, even if exclusion of this evidence was error, it is beyond peradventure that the error was harmless in light of the overwhelming evidence of guilt, including an inculpatory statement from Gordon.
 
 
 5
 Therefore, we affirm Gordon's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.